Ernest GARCIA, Beverly Garcia, and Patsy Durham  *v.*
ESTATE of James M. DUVALL

08–845                                                    293 S.W.3d 389

Supreme Court of Arkansas
Opinion delivered February 12, 2009

*Jon R. Sanford, P.A.*, by: *Jon Sanford*, and *Eubanks, Baker &
Schulze*, by: *J. G. "Gerry" Schulze*, for appellants.

*Streett Law Firm, P.A.*, by: *Alex G. Streett* and *James A. Streett*,
for appellee.

DONALD L. CORBIN, Justice. Appellants Ernest and Beverly
Garcia and Patsy Durham appeal the order of the Yell
County Circuit Court denying and dismissing with prejudice their
claims against Appellee Estate of James M. Duvall. Their sole point on
appeal is that the circuit court erred in finding that their claims were
barred by the statute of nonclaim, codified at Ark. Code Ann.
§ 28–50–101 (Repl. 2004).[1] This court assumed jurisdiction of this

---

[1] The General Assembly amended section 28-50-101(a)(1) by Act 231 of 2007, and
provided for a six-month nonclaim period. Because the nonclaim period at issue here arose
in 2006, the prior version of section 28-50-101(a)(1) providing for a three-month nonclaim
period is applicable here.

case, as it involves a potential issue of statutory interpretation; our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(6). We affirm.

A review of the record reveals that prior to his death on November 15, 2005, James Duvall entered into two separate contracts, one with Appellants Ernest and Beverly Garcia, and the other with Appellant Patsy Durham. The Garcia contract consisted of a handwritten contract, in which Mr. Duvall sold a house, as is, to the Garcias for $55,000. Five hundred dollars was due on January 1, 2002, to be followed by a payment of $1,000 in February 2002, and monthly payments thereafter of $450 at an interest rate of 8.5 percent per annum. The Durham contract was typewritten and provided for the sale of certain real property to Ms. Durham for $12,000, with monthly payments of $150 at a rate of 8 percent per annum.

Following Mr. Duvall's death, personal representatives were appointed for his Estate, and on April 19, 2006, a notice of appointment of co-administrators was published in the Yell County Record. On August 21, 2007, the Appellants filed a complaint in Yell County Circuit Court against the Estate, its personal representatives, and Mr. Duvall's heirs. Appellants sought certification of a class action and alleged two bases for relief: (1) violation of the usury provision in the Arkansas Constitution, article 19, section 13; and (2) violation of the Arkansas Deceptive Trade Practices Act. On September 5, 2007, the Estate filed an objection and disapproval of the claims made by the Appellants. Specifically, the Estate asserted that the claims were not made within the time set forth by the nonclaim statute, and, thus, were barred.

Pretrial briefs were submitted to the circuit court by both sides, and the circuit court then held a hearing and allowed the parties to argue their respective positions. After taking the matter under consideration, the circuit court filed a letter opinion, finding:

> The claimants in this case contend that usury cases are a special category for purposes of measuring the commencement of a limitation period for a claim based on usury but the claimant has cited no pertinent statutory or case law authority that a claim for usury is an exception to the application of the non claim statute.

> If the General Assembly of the State of Arkansas had intended to make usury cases an exception to the statute of non claim this Court feels that this could have been done. It has not been done.

> This Court finds that the Arkansas statute of non claim has long barred claims filed against the estate that are not timely filed. In this case, the claims of the claimants, Garcia and Durham, were not timely filed and the Court finds their claims are barred and dismissed in that they were not filed within the appropriate 3 month period.
> . . .

The circuit court subsequently entered an order memorializing its letter opinion and stated, in pertinent part:

> Based upon the facts as found by this Court, the Court concludes that:
>
> (1) The non claim period applicable to the Claimants and their respective claims ended three months following the first publication of the notice to creditors. Since the first publication of the notice to creditors was April 19, 2006, the non claim period for filing or otherwise asserting a claim against the Estate expired July 19, 2006;
>
> (2) Claimants' claim was not filed until August 27, 2007, over a year after the close of the non claim period;
>
> (3) Pursuant to the terms of the statute of non claim, the Claimants' claims and the civil action upon which they are based are "forever barred as against the estate, the personal representative, or the heirs and devisees of the decedent."

The circuit court then denied and dismissed with prejudice the claims filed by Appellants against the Estate. This appeal followed.

As their sole point on appeal, Appellants argue that it was error for the circuit court to deny and dismiss their claims where they were reasonably ascertainable creditors, were given no notice of the probate proceedings, and filed their claims within two years of the date of the first publication of notice. Appellee counters that the circuit court correctly determined that Appellants' claims were barred by section 28-50-101(a), the statute of nonclaim. Because Appellants failed to obtain a ruling on this argument, we are precluded from addressing it on appeal.

Appellants raised their "reasonably ascertainable creditor" argument before the circuit court in their pretrial brief; however, the main focus of that brief was an argument that when dealing

with a usury claim, the statute of limitations starts over each time a party makes a new payment on a usurious note. In its letter order, the trial court stated that Appellants failed to cite to any authority supporting their argument about the statute of limitations for a usury claim. In its subsequent written order, the trial court found that the statute of nonclaim applied and barred Appellants' claims. The trial court made no finding as to whether Appellants were reasonably ascertainable creditors and thus fell within the two-year limitation set forth in section 28-50-101(h).

In sum, Appellants abandoned their original argument regarding the applicable statute of limitations, and because they failed to obtain a ruling on their alternative argument that they were reasonably ascertainable creditors, we will not address their argument on appeal. *See, e.g., Parker v. BancorpSouth Bank,* 369 Ark. 300, 253 S.W.3d 918 (2007) (holding that failure to obtain a ruling on an issue from the circuit court precludes review on appeal). Accordingly, we affirm.

Affirmed.

Charles ARCHER and Linda Archer, Husband and Wife, Individually and as Parents and Next Friends of Mason Archer *v.* SISTERS of MERCY HEALTH SYSTEM, ST. LOUIS, INC. d/b/a Sisters of Mercy Health System d/b/a St. Joseph's Mercy Health Center; Bethany A. McGraham, M.D.; James E. Tutton, M.D.; Hot Springs Radiology Services, Ltd.; Mark S. Russell, M.D.; Mark B. Robbins, M.D.; Deanna L. Shatwell, R.N. a/k/a Deanna L. Dial, R.N.; and Paula Scheck, R.N.

08-784                                    294 S.W.3d 414

Supreme Court of Arkansas
Opinion delivered February 12, 2009