Cite as 2022 Ark. App. 497

# ARKANSAS COURT OF APPEALS

## DIVISIONS I & IV
### No. CV-21-521

| | |
|---|---|
| | **Opinion Delivered** December 7, 2022 |
| SHARON MARCUM | |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | [NO. 60CV-20-2097] |
| ROBERT HODGE, SPECIAL ADMINISTRATOR OF THE ESTATE OF NICHOLAS HENDRICKS | |
| | HONORABLE HERBERT WRIGHT, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**N. MARK KLAPPENBACH, Judge**

Sharon Marcum appeals from the order of the Pulaski County Circuit Court dismissing with prejudice her complaint against Robert Hodge, special administrator of the estate of Nicholas Hendricks. On appeal, Marcum argues that her complaint was timely pursuant to the statute of nonclaim, and the circuit court erred in finding that her complaint was barred by the three-year statute of limitations applicable to tort actions. We affirm.

On April 15, 2017, Marcum was involved in a motor-vehicle accident with Nicholas Hendricks. On March 16, 2020, Marcum filed a complaint against Hendricks alleging negligence. Marcum filed a motion for extension of time to perfect service on June 9, 2020, stating that she had just discovered that Hendricks was deceased and that no representative

had been established or administrator appointed regarding his estate. The circuit court granted Marcum's motion. On June 25, 2020, Marcum filed an amended complaint alleging negligence against Robert Hodge, special administrator of the estate of Nicholas Hendricks.

Hodge filed an answer and a motion to dismiss the amended complaint alleging that it was barred by the applicable statute of limitations. The motion asserted that Hendricks had died in July 2017 and that the suit filed against him in March 2020 was therefore a nullity. Hodge alleged that the amended complaint was filed beyond the three-year statute of limitations and could not relate back to the original complaint because the original complaint was a nullity. Marcum filed a response arguing, in part, that her suit was brought within the appropriate time under the statute of nonclaim, Arkansas Code Annotated section 28-50-101 (Repl. 2012), and that it was brought within the three-year statute of limitations for tort claims through the doctrine of relation back. In reply, Hodge filed a brief citing *Crenshaw v. Special Administrator of the Estate of Ayers*, 2011 Ark. 222, for the proposition that the original complaint was a nullity, and as such, the amended complaint filed outside the three-year statute of limitations for torts could not relate back to the original complaint.

Without holding a hearing, the circuit court entered an order granting the motion to dismiss. The court found that Hodge was correct that the original complaint was a nullity due to the fact that Hendricks was deceased at the time the complaint was filed, and thus, there could be no relation back. Marcum appealed from the dismissal of her complaint.

On appeal, Marcum now concedes that her original complaint was a nullity. She maintains, however, that her amended complaint was filed within the time prescribed under

2

the statute of nonclaim. She argues that the statute of nonclaim is the controlling law on the time limitations for making claims against an estate and that the circuit court erred in applying the general three-year statute of limitations for tort actions.

Before reaching the merits of Marcum's argument, we must address Hodge's claim that Marcum's argument is not preserved for appellate review. Although Marcum raised the applicability of the nonclaim statute below, Hodge argues that she failed to obtain a ruling on that argument. Hodge relies on *TEMCO Construction, LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651. In *TEMCO*, the defendants' motion to dismiss asserted that the lawsuit was statutorily barred under Arkansas Code Annotated section 18-44-115(a)(4) due to TEMCO's failure to comply with the notice requirements of the materialmen's-lien statute. In response, TEMCO argued that its lawsuit should not be dismissed under section 18-44-115(a)(4) because an exemption in subdivision (a)(8) of the same statute applied. The circuit court found that TEMCO's claims were "statutorily barred by Ark. Code Ann. § 18-44-115(a)(4)." The supreme court held that the circuit court had not made a ruling on whether the (a)(8) exemption applied; thus, it was precluded from addressing the argument on appeal.

Similarly, in *Garcia v. Estate of Duvall*, 375 Ark. 520, 293 S.W.3d 389 (2009), the plaintiffs argued below, in part, that their lawsuit should not be dismissed as untimely under subsection (a) of the nonclaim statute because an exception in subsection (h) applied. The circuit court found that the claims were untimely under subsection (a). The supreme court held that the circuit court had not made a ruling on whether subsection (h) applied; thus, it was precluded from addressing the argument on appeal.

3

Here, Marcum argued below, in part, that her lawsuit should not be dismissed for being filed beyond the three-year statute of limitations because it was timely pursuant to the statute of nonclaim and timely under the three-year statute of limitations through relation back. The circuit court found that the lawsuit was untimely under the three-year statute of limitations because there could be no relation back pursuant to *Crenshaw*, *supra*. The circuit court did not address Marcum's argument that her lawsuit was timely under the statute of nonclaim.[1] Pursuant to *TEMCO* and *Garcia*, the circuit court did not make a ruling on whether the statute of nonclaim applied, and we are precluded from addressing the argument on appeal. Accordingly, we affirm the circuit court's order.

Affirmed.

ABRAMSON, GLADWIN, and BROWN, JJ., agree.

HARRISON, C.J., and HIXSON, J., dissent.

**KENNETH S. HIXSON, Judge, dissenting**. Quoting the twentieth century philosopher Yogi Berra: "It's like déjà vu all over again." The majority holds that the appellant failed to preserve the issue on appeal. I just do not understand, nor subscribe to, this court's proclivity

---

[1]Contrary to the dissent's assertion, the circuit court's citation to *Crenshaw* cannot be construed as a ruling on Marcum's nonclaim-statute argument. In arguing below that her amended complaint was timely under the three-year statute of limitations, Marcum argued that her original complaint was not a nullity and that *Crenshaw* was distinguishable on this point. Hodge argued in response that *Crenshaw* controlled, and the original complaint was a nullity. In its order, the circuit court cited *Crenshaw* to support its conclusion that the original complaint was a nullity and that there could be no relation back to make the amended complaint timely. The fact that the *Crenshaw* opinion also mentions the nonclaim statute was irrelevant to the circuit court's decision that the case should be dismissed under the three-year statute of limitations for tort actions.

to hold that an issue was not preserved below. In some cases, such a disposition is unavoidable. However, in my opinion, this is not one of those cases. Such a disposition bars even a cursory or perfunctory review and discussion on the merits of a decision by the circuit court. That is especially disquieting where the issue on appeal was squarely presented to the circuit court. Here, the circuit court's error is fatal to the appellant's complaint and is reversible. This plaintiff deserves her day in *this* court. She deserves an opportunity for *this* court to right the wrong below.

The whole purpose behind preserving an issue on appeal is to allow the circuit court the opportunity to intelligently rule on an issue. I fully agree that it is inherently unfair for an appellate court to criticize a judge who has not had the opportunity to thoughtfully consider and rule on an issue. However, that is not the case here. In the case at bar, the circuit court was clearly presented with two choices, and only two choices. It was, in fact, "either/or." Which statute of limitations law applies: Either Choice (A), the three-year statute of limitations for torts; or Choice (B), the probate statute of nonclaim. One must presume the circuit court read and considered the pleadings and authorities presented therein by the parties prior to ruling. In fact, the preamble to the order states that its decision was "based upon a review of the case file and all other matters considered." The circuit court simply erred when it incorrectly ruled that the three-year statute of limitations for torts applied and dismissed the case with prejudice. The plaintiff justifiably appealed the ruling.

It does not take a giant leap of logic or mental gymnastics to ascertain that the circuit court ruled by implication that Choice (B), the probate statute of nonclaim, did *not* apply.

This is not a case in which we cannot presume a ruling from the circuit court's silence. It is either (A) or (B). The light switch is either off, or it is on. If it is off, ergo, it is not on. The stop light was either green, or it was red. If it was green, ergo, it was not red. The pitch was either a ball or a strike. If it was a ball, ergo, it was not a strike. When the umpire calls a ball, the umpire does not also call out "and that was not a strike." Here, the court had either Choice A (the three-year tort statute of limitations) or Choice B (the probate statute of nonclaim). The court made an appealable ruling; the court ruled in favor of Choice A, the three-year tort statute of limitations, and the court ruled against Choice B, the probate statute of nonclaim. See, it's not that difficult. The ruling was made, the issue preserved, and appellant deserves for this court to right the wrong.

A brief review of the allegations and arguments in the motion to dismiss, the response, the reply, and the circuit court's order is necessary to understand why the majority errs. The estate filed a motion to dismiss, and the *sole argument* was that the amended complaint "is barred by the *applicable* statute of limitations. . . ." (Emphasis added.) The estate argued that the amended complaint could not relate back to the original complaint and save the complaint because the original complaint was a nullity under the law due to the fact that Hendricks was deceased at the time appellant named him as a defendant in the original complaint. It was a bare-bones motion without any supporting authority.

Appellant filed her response and a brief in support wherein she argued that appellee's motion to dismiss should be denied. Appellant specifically argued that the statute of limitations as expressed in the Arkansas statute of nonclaim found in the probate code in

3

Arkansas Code Annotated section 28-50-101 (Repl. 2012) operates to make her amended complaint timely. In her responsive brief in support, appellant quoted the probate statute and cited the supreme court's holding in *E.E. Goins v. L.G. Sneed*, 229 Ark. 550, 554, 317 S.W.2d 269, 271 (1958). She generally explained that if the tortfeasor dies before the three-year tort statute of limitations under Arkansas Code Annotated section 16-56-105 (Repl. 2005) expires, then the probate code "statute of limitations" (i.e., the statute of nonclaim under Arkansas Code Annotated section 28-50-101) supersedes the tort statute of limitations and is substituted therefor and provides that the cause of action against the estate must be filed within six months of filing the notice to creditors. Appellant also attached a copy of her timely notice of appellant's claims against appellee filed with the probate court on July 31, 2020, in the administration of Hendricks's estate as exhibit 1 to her response. Pretty simple, and even dispositive of the issue.

Appellee filed a reply in which he again argued that the three-year *tort* statute of limitations required the amended complaint to be dismissed because the original complaint was a nullity. Appellee did not mention, contest, or even flirt with appellant's argument that the amended complaint was timely filed within the probate code statute of nonclaim.

Without a hearing and only "based upon a review of the case file and all other matters considered," the circuit court filed a written order granting the motion to dismiss with prejudice on the incorrect premise that the three-year statute of limitations for torts had expired and on the basis of a precedent that was misapplied by the defendant. The circuit court made the following findings:

4

*Defendant asserts that the case should be dismissed under the three-year statute of limitations for tort actions.* Plaintiff argues that the case was originally filed against the Defendant as an individual prior to the tolling of the statute. Defendant points out that Nicholas Hendricks was deceased at the time of the original Complaint and argues that this makes the original Complaint a nullity and that the Amended Complaint does not relate back.

Defendant is correct that the original Complaint was a nullity, as the original Defendant Hendricks had died at the time of its filing. Rule 12(b)(6) does not permit the Court to look beyond the allegations of the original Complaint, and at the time of the original Complaint, there was no relief that could have been granted by the Court. Rule 4(b) requires exact compliance. *See Shotzman v. Berumen*, 363 Ark. 215 (2005). Since the original Complaint was void ab initio, there can be no relation back under Rule 15. *Crenshaw v. Special Adm'r of Est. of Ayers*, 2011 Ark. 222.

Therefore, the Court finds and determines that the Defendant's Motion to Dismiss should be granted. Plaintiff's Amended Complaint should be, and is hereby, dismissed with prejudice.

(Emphasis added.) Thus, the circuit court's order was simply that the amended complaint was untimely because of the expiration of the three-year statute of limitations for tort claims. The order did not cite any authority other than *Crenshaw*, which appellant had easily distinguished and argued (correctly) was inapplicable to the facts of this case. This appeal followed.

For the first time since the genesis of this litigation, in appellee's response brief on appeal, appellee raised a question as to whether the probate statute of nonclaim applies. Despite having the opportunity and responsibility below, appellee previously completely ignored the issue. Now, however, instead of arguing on the merits that the statute of nonclaim does not apply, appellee argues that appellant's statute-of-nonclaim argument is

not preserved on appeal because the court did not specifically address the statute of nonclaim in its order of dismissal. That begs the question: Does anyone find it ironic that a party can completely ignore an issue below but have the audacity to argue on appeal that it was not preserved? Well, that is what the majority concluded. I cannot.

The majority relies on *Garcia v. Estate of Duvall*, 375 Ark. 520, 293 S.W. 3d 389 (2009), and *TEMCO Construction, LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651, for the proposition that appellant's argument regarding the probate statute of nonclaim was not preserved for appeal. I disagree and find *Garcia* and *TEMCO* distinguishable from the facts of this case.

*Garcia* was a usury/promissory note case involving a decedent. In *Garcia*, the plaintiffs filed their first notice of creditors on April 19, 2006. That filing commenced the statute of nonclaim. The statute of nonclaim would expire on July 19, 2006.[1] The plaintiffs did not file their complaint alleging usury against the estate until August 27, 2007, *over a year after the statute of nonclaim expired*. The defendant filed a motion to dismiss arguing that the statute of nonclaim had expired. The court granted the motion to dismiss because the statute of nonclaim clearly barred the claim. On appeal, to the plaintiffs' credit, they did not waste the court's time trying to somehow in good faith raise the issue of the expiration of the statute of nonclaim. They had clearly missed the boat. Instead, the plaintiffs/appellants

---

[1]The statute of nonclaim in force at the time of the trial provided that the claims must be filed within three months of the first notice of publication to creditors. That statute was amended in 2007 to enlarge the period to six months as in the case at bar.

abandoned their statute-of-nonclaim argument, shifted course, and presented the different argument that they were reasonably ascertainable creditors, they were given no notice of the probate proceedings, and they filed their usury claims within two years of the date of the first publication of notice. The supreme court held in short order: "In sum, Appellants abandoned their original argument regarding the applicable statute of limitations, and because they failed to obtain a ruling on their alternative argument that they were reasonably ascertainable creditors, we will not address their argument on appeal." *Garcia*, 375 Ark. at 523, 293 S.W.3d at 391. That certainly makes sense. The appellants abandoned their statute-of-nonclaim argument and switched their points on appeal. Here, however, the plaintiff/appellant has never abandoned her original argument that the complaint was timely filed within the statute of nonclaim and never switched arguments on appeal as the appellants did in *Garcia*. This appellant has stood on this immovable rock from the time she filed a response to appellee's ill-argued motion to dismiss through the appeal of this matter. *Garcia* is inapposite.

*TEMCO* is also distinguishable. *TEMCO* is one of the plethora of cases over the years desperately trying to interpret the ever-changing law as it pertains to construction-lien notice requirements vis-à-vis the direct-sales exemption. *TEMCO* was a suit between a general contractor, TEMCO, and its clients, the Ganns. After TEMCO finished building the Ganns' residence, the Ganns failed to fully compensate TEMCO, and TEMCO filed its complaint for breach of contract, unjust enrichment, promissory estoppel, and fraud. The Ganns moved to dismiss the complaint on multiple grounds, including the argument that

7

the complaint "failed to state facts on which relief could be granted because, according to the plain language of Ark. Code Ann. § 18-44-115(a)(4), TEMCO was statutorily barred from making a claim in either law or equity to enforce the contract due to its failure to strictly comply with the lien-notice requirements." *TEMCO*, 2013 Ark. 202, at 2, 427 S.W.3d at 653. In response to the motion to dismiss, TEMCO argued multiple grounds including that "it was entitled to pursue its current contract and tort claims because this was a direct sale according to Ark. Code Ann. § 18-44-115(a)(8), and therefore section 18-44-115(a)(4)'s bar to suit resulting from deficient notice of the lien is not applicable." *Id.* at 3, 427 S.W.3d at 654. After a hearing, the circuit court issued an order dismissing the complaint because TEMCO's "claims are statutorily barred by Ark. Code Ann. § 18-44-115(a)(4)." On appeal, TEMCO argued as it did below that the direct-sale exemption under section 18-44-115(a)(8) applied, making section 18-44-115(a)(4) inapplicable. The supreme court held that the issue was not preserved because *it could not presume a ruling from the circuit court's silence*.

I find that *TEMCO* is distinguishable. There is a key difference that both appellee and the majority ignore. Unlike the present case, in *TEMCO*, the circuit court was presented with a myriad of theories and arguments in support of, and in defense of, the motion to dismiss. The Ganns argued that TEMCO's complaint should be dismissed because the suit was barred by res judicata due to previous litigation that resulted in the agreed order to discharge the materialmen's lien. The Ganns alternatively argued that the complaint should be dismissed because it failed to state facts on which relief could be granted because, according to the plain language of Arkansas Code Annotated section 18-44-115(a)(4),

8

TEMCO was statutorily barred from making a claim in either law or equity to enforce the contract due to its failure to strictly comply with the lien-notice requirements. The Ganns further contended that the complaint should be dismissed for failure to sufficiently plead facts to establish a claim for fraud or misrepresentation. In TEMCO's response, it defended the requested dismissal on multiple grounds. First, TEMCO responded that it was entitled to pursue its current contract and tort claims because this was a direct sale according to Arkansas Code Annotated section 18-44-115(a)(8), and therefore, section 18-44-115(a)(4)'s bar to a suit resulting from deficient notice of the lien was not applicable. Second, TEMCO argued alternatively that if the statutory bar to suit was applicable, then the materialmen's-lien statute is unconstitutional as a violation of the doctrine of separation of powers as well as a violation of TEMCO's rights to due process and equal protection of the law. Finally, TEMCO responded that its complaint did, in fact, sufficiently plead facts to pursue the claim for fraud or misrepresentation and that the doctrine of res judicata was not applicable because section 18-44-118(f)(2) expressly limited the issues TEMCO could litigate in the prior suit to issues concerning only the validity of the lien. Therefore, according to TEMCO, res judicata would not bar the current claims based in contract, equity, and tort.

Tasked with sorting out this menagerie of theories and defenses, the circuit court in *TEMCO* made the single ruling that TEMCO's "claims are statutorily barred by Ark. Code Ann. § 18-44-115(a)(4)" for failure to strictly comply with requirements for the notice of its lien. The order was completely silent as to the Ganns' other various grounds for dismissal and as to all of TEMCO's various defenses. It is no wonder that, faced with this ill-defined

9

collection of theories and defenses, the supreme court stated that it could not "presume a ruling from the court's silence." By contrast, in the case at bar, the circuit court was simply tasked with choosing between two statutes of limitation, and whichever statute the circuit court elected to enforce was a de facto rejection of the other.

Recall the sequence of events. Appellee filed a motion to dismiss alleging only one argument—the amended complaint "is barred by the *applicable* statute of limitations and [therefore] fails to state facts upon which relief can be granted against [the estate]." (Emphasis added.) Which statute of limitations was appellee referring to? Appellee did not specifically cite any statutory or case-law authority. In response, it was appellant who cited the two possible statute-of-limitations statutes and argued that her amended complaint was timely filed under the statute of nonclaim in section 28-50-101 because Hendricks died in July 2017, before the three-year tort statute of limitations expired. She further cited *Goins*, *supra*. Appellee subsequently filed his reply and brief, again exclusively citing the three-year tort statute of limitations (section 16-56-105) for the first time and argued that *Crenshaw* controlled. Appellee completely ignored appellant's well-briefed statute-of-nonclaim argument. Then, the circuit court's order, unlike the order in *TEMCO*, never specifically cited any statute. Instead, it incorrectly cited *Crenshaw* and dismissed the amended complaint just as was the case in *Crenshaw*.

In other words, instead of framing the issue as to which statute controlled with references to each statute, the circuit court instead answered the question of whether the result in *Crenshaw* (which discusses the two statutes) controls under these facts. By the circuit

10

court citing and applying *Crenshaw*, the court impliedly made a sufficient specific ruling on the arguments before us. Unlike the court in *TEMCO*, the circuit court here was not silent but instead stated that *Crenshaw* was controlling despite appellant's argument otherwise. As will be explained, *infra*, the supreme court in *Crenshaw* rejected the appellant's argument on appeal that the statute of nonclaim was applicable *only* on the basis of the supreme court's determination that the issue was not developed or supported by convincing argument and *not* because the argument failed on its merits. In this case, appellant developed this issue both in her argument to the circuit court below and on appeal, and the appellant's argument is availing. Contrary to the circuit court's ruling in this case, the *Crenshaw* holding does not support the dismissal of appellant's action. Unlike the *TEMCO* court, the circuit court was presented with two options: Choice A or Choice B. Either/or. Either Choice A, the three-year tort statute of limitations applied, or Choice B, the probate statute of nonclaim applied. It chose Choice A to the exclusion of Choice B. The two choices were plainly presented to the court, and its selection of Choice A constituted a rejection of Choice B. The circuit court made the wrong choice and dismissed the case, and the issue is preserved for appeal.

## I. *The Decision on the Merits*

The court erred in dismissing the amended complaint based on its misinterpretation of *Crenshaw*. While the facts in *Crenshaw* are similar, the supreme court affirmed the circuit court in *Crenshaw not* because the statute of nonclaim was inapplicable; rather, the supreme

11

court affirmed the circuit court's order because the appellant failed to develop his argument on appeal. Specifically, the *Crenshaw* court held the following:

> Crenshaw offers no authority or convincing argument supporting his position, and his argument on this issue is not developed. This court has often stated that it will not develop an appellant's issue or argument on appeal. See *Repking* [*v. Lokey*], 2010 Ark. 356, at 13, [377] S.W.3d 211, 221]. We will not do a party's research and will affirm where the argument is not convincing and lacks legal authority.

*Crenshaw*, 2011 Ark. 222, at 7.

One cannot determine from the *Crenshaw* opinion just how bad and deficient Crenshaw's argument was on appeal; however, it must have been so utterly deficient that the supreme court had no choice but to summarily dismiss his argument. However, in this case, it certainly cannot be said that appellant did not develop her argument below and on appeal. And it certainly cannot be said that this court did the appellant's research on the issue for her. Appellant filed a properly supported response and brief to the motion to dismiss below and on appeal. Therefore, *Crenshaw* is not applicable to the case at bar, and the circuit court erred when it dismissed the amended complaint on the basis of the holding in *Crenshaw*.

Generally, it is undisputed that the three-year tort statute of limitations applies to litigation arising out of motor-vehicle accidents. However, when the defendant dies prior to the expiration of the three-year tort statute of limitations, then the probate statute of nonclaim is substituted therefor and becomes applicable. That is what occurred here. The decedent passed away only a few months after the motor-vehicle accident had occurred;

therefore, the three-year tort statute of limitations is not applicable *if the plaintiff complies with the requirements in the probate statute of nonclaim.* Here, the appellant did comply.

Arkansas Code Annotated section 28-50-101 provides the following in relevant part:

(a) STATUTE OF NONCLAIM.

(1) Except as provided in §§ 28-50-102 and 28-50-110, all claims against a decedent's estate, other than expenses of administration and claims of the United States which, under valid laws of the United States, are not barrable by a statute of nonclaim, but including claims of a state or territory of the United States and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred as against the estate, the personal representative, or the heirs and devisees of the decedent, unless verified to the personal representative or filed with the court within six (6) months after the date of the first publication of notice to creditors.

(2) All claims for injury or death caused by the negligence of the decedent shall also be filed within six (6) months from the date of first publication of the notice, or they shall be forever barred and precluded from any benefit in the estate.

(b) STATUTE OF LIMITATIONS. No claim shall be allowed which was barred by any statute of limitations at the time of the decedent's death.

(c) WHEN STATUTE OF NONCLAIM NOT AFFECTED BY STATUTE OF LIMITATIONS. No claim shall be barred by the statute of limitations which was not barred thereby at the time of the decedent's death, if the claim shall be presented to the personal representative or filed with the court within six (6) months after the date of the first publication of notice to creditors.

(d) CLAIMS BARRED WHEN NO ADMINISTRATION COMMENCED OR NO NOTICE PUBLISHED. In any event, all claims barrable under the provision of subsection (a) of this section shall be barred at the end of five (5) years after the date of the death of the decedent, unless within this period letters have been issued and notice to creditors published as provided by § 28-40-111.

In *Dodson v. Charter Behavioral Health System of Northwest Arkansas, Inc.*, 335 Ark. 96, 111, 983 S.W.2d 98, 106 (1998), our supreme court explained that in interpreting this statute, "[t]he General Assembly obviously wanted to make certain that claims for injury and death were actually filed with the probate court within the sixth-month period to give a clear cut off date for such claims and to enable the personal representative to close the estate, if feasible." Therefore, when a plaintiff fails to file its claim against the estate within six months from the date of first publication of the notice, Arkansas Code Annotated section 28-50-101(a) would cut off the plaintiff's claim even before the ordinarily applicable three-year statute of limitations expired.[2] This makes sense because, otherwise, an estate would unnecessarily need to remain open until the time for potential claims elapsed. Further, Arkansas Code Annotated section 28-50-101(b) provides that if a claim would have already been barred "at the time of the decedent's death," a claim cannot be resurrected.

The issue in this appeal is specifically addressed under Arkansas Code Annotated section 28-50-101(c): "No claim shall be barred by the statute of limitations which was not barred thereby at the time of the decedent's death, if the claim shall be presented to the personal representative or filed with the court within six (6) months after the date of the first publication of notice to creditors." In other words, one first looks to see whether the claim would have been barred under a statute of limitations *at the date of death*. If not, then the

[2]This is what happened in *Garcia*, *supra*. The plaintiff filed his complaint over a year after the statute of nonclaim had expired, and it was correctly dismissed and affirmed on appeal.

14

three-year tort statute of limitations becomes irrelevant from that point forward, and the plaintiff must present his or her claim to the personal representative or file it with the court within six months after the date of the first publication of notice to creditors in order to be considered timely.

This interpretation is consistent with our supreme court's holding in *Goins*, 229 Ark. 550, 317 S.W.2d 269, which interpreted an older version of the statute that set out a two-year statute of nonclaim instead of the current six-month period. There, our supreme court provided the following analysis:

> When John Sneed died on August 17, 1953, none of his indebtedness to Mr. Goins was barred by any statute of limitation: he had executed a mortgage on the 27th of November, 1950 and none of his indebtedness was due until the fall of 1951; and John Sneed had also executed a mortgage on July 6, 1953. In *Bowdre & Co. v. Pitts*, 94 Ark. 613, 125 S.W. 57, 58 [1910], *we held that when a debtor died before the right of action against him was barred by limitation, the 'general statute of limitation then ceased to run against the debt, and was succeeded by the two-year statute of nonclaims, which did not begin to run before administration on the estate of the decedent. * * * The action to foreclose the mortgage was, therefore, not barred, and the chancellor erred in dismissing the complaint. * * *'* That holding was reiterated in *Montgomery v. Gantt*, 100 Ark. 629, 140 S.W. 260 [1911].
>
> Applying these holdings to the case at bar, it follows that none of the indebtedness of John Sneed to Mr. Goins was barred by the statute of limitation because (a) no limitation had run before John Sneed's death; (b) there was nothing to show any holding adverse to Goins' mortgages; and (c) there was no administration on the estate of John Sneed. So, Mr. Goins was entitled to foreclose his mortgages for whatever amount John Sneed owed him at the time of his death, less whatever amounts the Sneed children had paid on the said indebtedness. Mr. Goins claimed this balance to be $2,455.99. The fact that Mr. Goins had taken possession of some of the mortgaged chattels under a receivership did not operate in any way to prevent him from foreclosing his mortgages.

*Goins*, 229 Ark. at 554–55, 317 S.W.2d at 271–72 (footnotes omitted and emphasis added).

15

By applying Arkansas Code Annotated section 28-50-101, *Dodson*, and *Goins* to the facts of this case, it is clear that the amended complaint was filed within six months of the first publication of the notice of creditors. The three-year tort statute of limitations had not barred appellant's claim at the time of Mr. Hendricks's death. When appellant discovered that Mr. Hendricks had passed away, an estate was opened in the probate court, and an administrator was appointed just days before appellant filed her amended complaint. Appellant timely filed a notice of claim in the probate case and served a copy of the notice and the amended complaint on the administrator. At that point, appellant successfully complied with the requirements of Arkansas Code Annotated section 28-50-101, and the amended complaint was, therefore, timely filed. As such, the circuit court erred in dismissing the amended complaint due to the expiration of the three-year tort statute of limitations.

Here, appellee provided the circuit court with inaccurate and misleading precedent that the court followed, chose not to respond to the statute-of-nonclaim argument in any form or fashion, hid behind the log, and now on appeal raises the issue of whether the point is preserved. Appellee has benefited from his silence by a dismissal with prejudice of a legitimate timely filed complaint. Nothing in this sequence passes the smell test.

In conclusion, I cannot agree with the majority's opinion that we must ignore the merits of appellant's argument on appeal. Instead, I would reverse and remand for proceedings consistent with this dissenting opinion.

HARRISON, C.J., joins.

*The Law Offices of Peter Miller*, by: *Paige Edgin*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Michael Vanderford* and *Mark D. Wankum*, for appellee.